## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JORDAN WILSON, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FEDERAL SECURITIES** |
| CHARAH SOLUTIONS, INC., ROBERT | ) **LAWS** |
| DECENSI, JONATHAN BATARSEH, JACK | ) |
| A. BLOSSMAN, JR., MIGNON CLYBURN, | ) **JURY TRIAL DEMANDED** |
| ROBERT C. FLEXON, TIMOTHY J. POCHÉ, | ) |
| TIMOTHY ALAN SIMON, MARK | ) |
| SPENDER, BILL VARNER, JR., and DENNIS | ) |
| WHALEN, | ) |
| Defendants. | ) |

Plaintiff Jordan Wilson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder action brought by Plaintiff against Charah Solutions, Inc. ("Charah" or the "Company") and the members of Charah's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Charah to SER Capital Partners ("SER") (the "Proposed Transaction").

2. On April 16, 2023, Charah entered into an Agreement and Plan of Merger with Acquisition Parent 0423 Inc. ("Parent") and Parent's wholly owned subsidiary, Acquisition Sub

April 2023, Inc. ("Merger Sub") (the "Merger Agreement"). Parent is a wholly owned subsidiary of investment funds affiliated with SER. Pursuant to the terms of the Merger Agreement, Charah shareholders will receive $6.00 in cash for each Charah common share (the "Merger Consideration") (the "Proposed Transaction").

3. On June 12, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Charah stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections, which are wholly omitted and were prepared by Company management and relied upon by the Company's financial advisor, Houlihan Lokey Capital, Inc. ("Houlihan Lokey") for its analyses; (ii) the financial analyses that support the fairness opinion provided by Houlihan Lokey; and (iii) Houlihan Lokey's and Company insiders' potential conflicts of interest.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Charah stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Charah stockholders to vote on the Proposed Transaction is currently scheduled for July 12, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Charah's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections

14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Charah common stock.

10. Defendant Charah is a Delaware corporation, with its principal executive offices located at 12601 Plantside Drive, Louisville, Kentucky 40299. Charah's shares trade on the OTC Markets under the ticker symbol "CHRA."

11. Defendant Robert Decensi has been Executive Chair of the Board and a director of the Company at all relevant times.

12. Defendant Jonathan Batarseh has been President, Chief Executive Officer and a director of the Company at all relevant times.

13. Defendant Jack A. Blossman, Jr. has been a director of the Company at all relevant times.

14. Defendant Mignon Clyburn has been a director of the Company at all relevant times.

15. Defendant Robert C. Flexon has been a director of the Company at all relevant times.

16. Defendant Timothy J. Poché ("Poché") has been a director of the Company at all relevant times. Defendant Poché is the Chief Financial Officer and Chief Compliance Officer at Bernhard Capital Partners Management, LP (together with its affiliates, "BCP")[1] and a member of the Investment Committee and Portfolio Company Review Committee at BCP.

17. Defendant Timothy Alan Simon has been a director of the Company at all relevant times.

18. Defendant Mark Spender ("Spender") has been a director of the Company at all relevant times. Defendant Spender is a Managing Director and member of the Investment Committee at BCP.

19. Defendant Bill Varner, Jr. has been a director of the Company at all relevant times.

20. Defendant Dennis Whalen has been a director of the Company at all relevant times.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

22. Charah is a leading national service provider of mission-critical environmental services and byproduct recycling to the power generation industry. The Company offers a suite of remediation and compliance services, byproduct services, raw material sales and Environmental Risk Transfer services. The Company also designs and implements solutions for complex environmental projects (such as coal ash pond closures) and facilitates coal ash recycling through

---

[1] BCP controls 81.91% of the voting power of the Company.

4

byproduct marketing and other beneficial use services.

**The Proposed Transaction**

23. On April 17, 2023, Charah announced that it had entered into the Proposed Transaction, stating, in relevant part:

> Louisville, KY – April 17, 2023 – Charah Solutions, Inc. (OTC Pink: CHRA, the "Company" or "Charah Solutions") today announced that it entered into a definitive agreement with SER Capital Partners ("SER"), a private investment firm exclusively focused on sustainable investment, to acquire all of the issued and outstanding shares of common stock of the Company. In connection with the transaction, all of the issued and outstanding shares of Series A and Series B preferred stock of the Company will be redeemed by the Company. Subject to stockholder approval and other customary closing conditions, the transaction is expected to be completed in the third quarter of 2023, after which Charah Solutions will be a wholly owned portfolio company of SER.
>
> Under the proposed transaction, SER would acquire all of the issued and outstanding shares of common stock of Charah Solutions for a consideration of $6.00 per share which represents a 134% premium of the Company's 20-day volume-weighted average price of $2.56 as of April 14, 2023. In addition, all issued and outstanding shares of Series A preferred stock would be redeemed at 100% of its liquidation preference, and Series B preferred stock would be redeemed at 100% of its liquidation preference. The Company's 8.50% Senior Notes due August 31, 2026 will remain outstanding after the closing of this transaction. Concurrently with the execution of the merger agreement, SER, Charah Solutions and Bernhard Capital Partners ("BCP"), the Company's largest equity holder, entered into a voting and support agreement, pursuant to which BCP agreed to, among other things, vote its shares of capital stock in favor of the transaction.
>
> Charah Solutions President and Chief Executive Officer Jonathan Batarseh stated, "We are proud to join the SER family. The SER team combines decades of utility industry experience at firms such as Vistra, Duke and Exelon to back best of breed companies that are delivering solutions today to address their sustainability and environmental needs. Our customers will benefit from combining our industry-leading offerings with SER's forward-looking platform, long-term vision, and strategic resources. Our close to six hundred employees will also gain from our increased commitment and ability to ensure long-term career and growth opportunities."
>
> Sara Graziano, SER Partner & Investment Committee Chair, said, "Charah Solutions improves its customers' communities by remediating environmental risks, recycling what was previously considered unusable, and delivering sustainable environmental solutions. Given our history in the power industry, we

appreciate Charah Solutions' strengths and reputation in the industry. We know that this reputation is a result of the dedication of Charah Solutions' employees who come to work every day committed to safety, quality, and environmental stewardship. We are committed to Charah Solutions' long-term success as a key partner to utilities and as a strong employer in communities."

Batarseh concluded, "SER has significant experience in transforming businesses. We are confident that SER will be an excellent strategic and financial partner for Charah Solutions."

Following the closing of the transaction the Company's experienced leadership team will continue in their roles, advancing the Company's focus on the safety of its team members and on providing an exceptional customer experience via its environmentally responsible, innovative, and customized solutions. Charah Solutions' valued employees will remain employees of the Company under the new ownership structure.

Willkie Farr & Gallagher LLP and Houlihan Lokey are representing the Company. SER is represented by Jones Day and Guggenheim Securities, LLC. Kirkland & Ellis LLP represents Bernhard Capital Partners.

**The Materially Incomplete and Misleading Proxy Statement**

24. On June 12, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Charah stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections, which are wholly omitted and were prepared by Company management and relied upon by Houlihan Lokey for its analyses; (ii) the financial analyses that support the fairness opinion provided by Houlihan Lokey; and (iii) Houlihan Lokey's and Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning Charah's Financial Projections*

25. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

26.  Critically, the Proxy Statement wholly omits the financial projections for the Company. In connection with rendering its fairness opinion, the Proxy Statement sets forth that Houlihan Lokey reviewed "certain information relating to the historical, current and future operations, financial condition and prospects of the Company made available to Houlihan Lokey by the Company, *including financial projections prepared by the management of the Company* relating to the Company for the fiscal year ending December 31, 2023 (the 'Projections')[.]" Proxy Statement at 32.

27.  Notably, in connection with its fairness opinion the Proxy Statement states that, "management of the Company advised Houlihan Lokey and, at the Board's direction, Houlihan Lokey assumed that the Projections were reasonably prepared in good faith on bases reflecting the best currently available estimates and judgments of such management as to the future financial results and condition of the Company." *Id.* at 33.

28.  Further, in connection with its *Selected Companies Analysis*, Houlihan Lokey utilized FY 2023E Revenue and FY 2023E Adjusted EBITDA for the Company. Similarly, in connection with its *Selected Transactions Analysis*, Houlihan Lokey utilized Charah's NFY Adjusted EBITDA. Yet, the Proxy Statement fails to disclose any financial projections for the Company, including Charah's future Revenue and Adjusted EBITDA, relied upon by Houlihan Lokey for its analyses.

29.  Moreover, according to the Proxy Statement,

> absent the proposed Merger, the Company believed that it would have no alternative other than to liquidate or to seek protection under U.S. bankruptcy laws, and [ ] upon any such liquidation of the Company or as a result of any such bankruptcy, if the holders of Company Common Stock received any recovery, such recovery would be materially less on a per-share basis than the Common Per Share Merger Consideration to be received by such holders in the proposed Merger.

*Id.* at 33-34. The Proxy Statement fails, however, to disclose a summary of any liquidation analysis relied upon by the Board in determining to enter into the Merger Agreement, including the assumptions underlying any liquidation analysis and the amount of any per-share recovery resulting from a liquidation of the Company.

30.     The disclosure of Company management's financial projections and liquidation analysis is crucial to Charah stockholders. Without this material information, Charah stockholders have no way to meaningfully assess the value of the Merger Consideration and are unable to make a fully informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's Financial Analyses*

31.     The Proxy Statement fails to disclose material information concerning Houlihan Lokey's financial analyses.

32.     With respect to Houlihan Lokey's *Selected Companies Analysis*, in addition to Charah's FY 2023E Revenue and FY 2023E Adjusted EBITDA, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

33.     With respect to Houlihan Lokey's *Selected Transactions Analysis*, in addition to Charah's NFY Adjusted EBITDA, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's and Company Insiders' Potential Conflicts of Interest*

34.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Houlihan Lokey.

35.     Specifically, the Proxy Statement sets forth that:

> Houlihan Lokey and certain of its affiliates have in the past provided and may currently be providing investment banking, financial advisory and/or other financial or consulting services to the Company and BCP or one or more security

>holders or affiliates of, and/or portfolio companies of investment funds affiliated or associated with, BCP (collectively, with BCP, the "BCP Group"), for which Houlihan Lokey and its affiliates have received compensation, [.]

*Id.* at 38.  Yet, the Proxy Statement fails to disclose the details of the services Houlihan Lokey has previously provided to BCP and its affiliates, including the amount of compensation received in connection with such services.

36. The Proxy Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

37. According to the April 17, 2023 press release announcing the Proposed Transaction, "[f]ollowing the closing of the transaction the Company's experienced leadership team will continue in their roles[.]"  The Proxy Statement, however, fails to disclose whether any of SER's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.  The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

38. In sum, the omission of the above-referenced information renders statements in the "Opinion of the Company's Financial Advisor," "Background of the Merger," and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Charah will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Charah**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Charah is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Charah within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Charah and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Charah, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 15, 2023                              **LONG LAW, PLLC**

                                                  By  */s/ Brian D. Long*
                                                      Brian D. Long (#4347)
                                                      3828 Kennett Pike, Suite 208
**OF COUNSEL:**                                       Wilmington, DE 19807
                                                      Telephone: (302) 729-9100
**ACOCELLI LAW, PLLC**                                Email: BDLong@longlawde.com
Richard A. Acocelli
33 Flying Point Road, Suite 131                       Attorneys for Plaintiff
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com